CAPE MAY COUNTY CIRCUIT COURT.

EDMUND O. HOWELL, JR., RECEIVER OF OCEAN CITY NATIONAL BANK, PLAINTIFF, v. LUTHER L. WALLACE, JR., RUTH N. WALLACE, JONATHAN F. WALLACE, DEFENDANTS.

Decided November 30, 1939.

For the plaintiff, *Benjamin M. Cohen.*

For the defendants, *Augustus S. Goetz.*

JAYNE, C. C. J.  The basic and material facts essential to the consideration of this case are not in dispute.  The issues of law and fact have been submitted by stipulation to the court for determination without a jury.

An examination of the pleadings reveals that this action is prosecuted by the plaintiff to recover the principal and interest alleged to be due upon two promissory notes.  One note was made on April 18th, 1932, by the defendants Ruth N. Wallace and Luther L. Wallace, Jr., in the sum of $1,175 payable to their order four months after date at the Ocean City National Bank at Ocean City, New Jersey, and subse-

quently endorsed by them. The other note is dated November 17th, 1932, and is made by Jonathan F. Wallace in the sum of $250 payable to his order one month after date at the Ocean City National Bank and endorsed by Jonathan F. Wallace and Luther L. Wallace, Jr. It is conceded that both notes were negotiated for value before maturity to the Ocean City National Bank and were duly presented for payment and were protested for non-payment. The notes have been admitted in evidence. The plaintiff was lawfully appointed receiver of the bank by the comptroller of the currency.

The defendant Jonathan F. Wallace has evidently failed to file an answer to the plaintiff's complaint. The joint answer of the defendants Luther L. Wallace, Jr., and Ruth N. Wallace embraces the averment *non assumpsit infra sex annos* upon which plea these defendants solely rely. The present action was apparently instituted on February 3d, 1939.

Additionally, it is acceded that on October 30th, 1937, each of the defendants Luther L. Wallace, Jr., and Ruth N. Wallace delivered or caused to be delivered to the plaintiff an affidavit (which may be characterized as verified financial statements of each defendant) and that these affidavits "were submitted as part of a proposed" offer by these defendants to pay to the plaintiff $100 in discharge of their alleged liability on the notes in suit. Suffice to set forth excerpts of the pertinent and relevant statements contained in each affidavit. Luther L. Wallace, Jr., states that "deponent is allegedly indebted to the First National Bank of Ocean City and the Ocean City National Bank in the total sum of about $20,000 as maker and endorser on certain notes." Ruth N. Wallace asserts "Deponent is obligated to the Ocean City National Bank in the sum of approximately $1,100."

In the light of these facts, it is contended on behalf of the plaintiff that the defendants on October 30th, 1937, acknowledged in writing the indebtedness alleged in the present action. Incidentally, it is observed that the reply is a general denial of the averments of the answer. The usual rule is that if a new promise is to be relied on, the replication (reply) should conform thereto. However, it is desirable to determine the issues actually debated.

The pertinent paragraph of the statute of limitations (2:24-9) provides that: "In actions in the nature of actions of debt or upon the case grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, so as to take any case out of the operation of this chapter, or to deprive any person of the benefit thereof, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby."

Intrinsically, this paragraph of the statute is an adoption of the first section of the English statute of 9 *Geo. IV, c.* 14, passed in the year 1828 and commonly known as Lord Tenterden's act.

In *Parker* v. *Butterworth,* 46 *N. J. L.* 244, Depue, J., remarked (at *p.* 247) : "The statute has the words 'acknowledgment or promise' as the evidence of a new and continuing contract. The use of these words in the disjunctive in the statement of the law gave rise to a service of opposing authorities, in some of which it was held that the statute of limitations was founded on a mere presumption of payment, and that whatever repelled that presumption was an answer to the statute, and that therefore an acknowledgment of the non-payment of a debt, though accompanied by a conditional promise, or even a refusal to pay, was a sufficient answer to the statute. These cases were overruled by the Court of King's Bench before the act of 9 *Geo. IV* was passed, in *Tanner* v. *Smart,* 6 *B. & C.* 603, a case which Baron Parke said put an end to a series of decisions which were a disgrace to the law. *Hart* v. *Pendegrast,* 14 *M. & W.* 741. Since the decision in Tanner *v.* Smart, the law in the English courts has been settled on this footing—that from a bare unqualified acknowledgment of a subsisting debt the law will imply a promise to pay which will obviate the bar of the statute, but that if there be in the admission, or on the face of the writing containing such an acknowledgment, anything to repel the inference of a promise to pay, the rule *expressum facit cessare tacitum* applies; no promise will be implied, and the acknowledgment will not enable the plaintiff to recover. And if the acknowledgment be coupled with a promise

which is qualified or conditional, neither the acknowledgment nor the promise will be available, unless the condition has been performed or the event happened by which the promise is qualified. *Smith* v. *Thorn,* 18 *Q. B.* 134, 143; *Hart* v. *Pendegrast,* 14 *M. & W.* 741, 744; *Sidwell* v. *Mason,* 2 *H. & N.* 306, 309, 310; *Everitt* v. *Robertson,* 1 *El. & B.* 16-19; *In re River Steamer Co., L. R.* (6 *Ch. App.*) 822-828; *Street* v. *Lindsay, L. R.* (2 *Exch. Div.*) 314-316; *Wood on Limitations,* § 85. The weight of authority in the courts of this country is in accordance with the English doctrine, as will appear in the note of the American editors to *Whitcomb* v. *Whiting,* 1 *Sm. Lead. Cas.* 867; and such has been the course of decision in this state. *Belles* v. *Belles,* 7 *Hal.* 339; *Ridgway* v. *English,* 2 *Zab.* 409, 413, 419; *Ex'rs of Conover* v. *Conover, Saxt.* 403."

In *Freeholders of Somerset* v. *Veghte,* 44 *N. J. L.* 509, Magie, J., stated (at *p.* 514): "Such new promise may be express or implied, from the circumstances which justify such an inference. Such circumstances must amount to an unqualified admission of the continued existence of the obligation, and must, at least, not negative the debtor's willingness to perform it."

An exploration of the decisions reveals that in our state, as in England, one of three factual elements must be shown to exist in order to remove a case from the operation of the statute of limitations: I. An unqualified and unconditional promise to pay the debt; II. An admission or acknowledgment by the debtor of a subsisting debt, from which a promise to pay the debt can be logically implied; III. A conditional promise to pay the debt and evidence which shows that the condition has been performed. Moreover, any such acknowledgment must, of course, be received and considered as a whole. No part of it can be ignored by the plaintiff. The plaintiff introduces proof of the acknowledgment and˚he is not permitted to adopt the admission or acknowledgment of the debtor and reject the conditions and qualifications which accompanied it.

Reverting, then, to the stipulated facts it becomes at once apparent that the defendant Luther L. Wallace, Jr., did not

in his affidavit either clearly refer to the notes in suit or unqualifiedly acknowledge such an indebtedness. The language he employed was that he "is allegedly indebted" as maker and endorser on certain notes held by the First National Bank of Ocean City and 'the Ocean City National Bank. An acknowledgment which will take the debt out of the operation of the statute must clearly appear to refer to the very debt in suit. 37 C. J. 1099. The debt must be acknowledged by the debtor to be more than a mere alleged claim against him. The debt must be admitted to be a subsisting obligation. Mrs. Wallace in her affidavit acknowledges that she "is obligated to the Ocean City National Bank in the sum of approximately $1,100." In the absence of some additional proof, it cannot be confidently deduced that Mrs. Wallace was referring to the promissory note of $1,175 mentioned in the complaint.

In the present case, however, the exhibits and stipulated facts justify the conclusion that these defendants represented to the plaintiff with some particularity their absolute inability to pay the notes. They did not promise to pay the amount alleged by the plaintiff to be due and owing. The affidavits presented to the plaintiff with the offer of compromise were obviously intended to exhibit the insolvency of the defendants. Their debts and obligations are disclosed. Mr. Wallace declares that he "has no assets of any value, being forced to rely on current personal efforts for a living for himself and his family." Mrs. Wallace asserts that she has "no source of income excepting from her own efforts and those of her husband" and that she has debts amounting to $1,766.24.

In these statements the defendants proclaim their inability to pay the notes which manifestly repels the implication of a promise to immediately pay them. The new promise was merely an undertaking to pay $100 in discharge of the whole indebtedness claimed by the plaintiff. The defendants expressed no willingness to pay a greater sum. A general new promise to pay the whole indebtedness cannot and is not to be inferred from these facts. The acknowledgments, if any, were qualified by the limitation of the amount proposed to be paid.

It might have been contended with some significance that the two verified statements of the defendants were so integrated with the offer of compromise as to be inadmissible in this action and that they contained concessions which were only made by the defendants to induce an acceptance of the offer of compromise. However, the papers were submitted without objection and no opinion upon the subject need be expressed. The theory that the defendants should be held liable for the sum of $100 has not been suggested in the presentation of this case.

The findings of fact above stated necessitate a judgment in favor of the answering defendants of no cause of action.